DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
JOSHUA D. STADTLER (SBN 272898)
jstadtler@dunncarney.com
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
Telephone: 503.224.6440
Facsimile: 503.224.7324

Of Attorneys for Defendant and
Third-Party Plaintiff Mark Gerold

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASHINGTON FEDERAL BANK, a national bank,<br><br>   Plaintiff,<br><br>   v.<br><br>MARK GAROLD, a single man;<br>LORI HERBST, a single woman,<br><br>   Defendants.<br><br>MARK GEROLD, anan in individual,<br><br>   Third-Party Plaintiff,<br><br>   v.<br><br>Evan Phillips, an individual;<br>Peter Palomo, an individual; and<br>David Best, an individual;<br><br>   Third-Party Defendants. | Case No. 2:20-cv-00659 DSF (PJWx)<br><br>**MARK GEROLD'S<br>THIRD-PARTY COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>Judge:  District Judge Dale S. Fischer and Magistrate Judge Patrick J. Walsh |

Pursuant to Rule 14 of the Federal Rules of Civil Procedure third-party plaintiff Mark Gerold[1] ("**Gerold**"), by and through his attorneys, alleges as follows:

Gerold incorporates his Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Complaint (ECF No. 35) filed in this action as if set forth herein in full.

## PARTIES

1.1   At all material times, Gerold was and is an individual residing in Los Angeles County, California.

1.2   On information and belief, at all material times, third-party defendant Evan Phillips was and is an individual residing in London, United Kingdom.

1.3   On information and belief, at all material times, third-party defendant Peter Palomo was and is an individual residing in New York, New York.

1.4   Third-party defendant David Best is an individual whose place of residence is unknown.

1.5   Evan Phillips, Peter Palomo, and David Best are hereinafter collectively referred to as "**Third-Party Defendants**."

## JURISDICTION AND VENUE

2.1   As this Court has original jurisdiction over the claims brought by Plaintiff Washington Federal Bank ("**Washington Federal**") in its Complaint (ECF No. 1), so too does this Court have supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367 because the claims set forth herein are so related to Washington Federal's claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

2.2   This Court has personal jurisdiction over the Third-Party Defendants because the events giving rise to the claims set forth herein took place in this District.

2.3   Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because the events giving rise to the claims set forth herein took place in this District.

---

[1] Mr. Gerold's name is misspelled in the Caption and plaintiff's Complaint, with an "a" rather than an "e."

## FACTS

3.1   In its Complaint, Washington Federal alleges that it was damaged by a purported fraudulent scheme and asserts eight claims arising therefrom. Washington Federal further alleges that Gerold is, at least in part, responsible for purported damages Washington Federal suffered resulting from Gerold's alleged participation in the purported scheme.

## FIRST CLAIM FOR RELIEF

### (Common Law Indemnity)

4.1   Gerold re-alleges the preceding paragraphs as if fully set forth herein.

4.2   To the extent Washington Federal has suffered any damages as a result of the allegations and claims in its Complaint, those damages were caused primarily by the fault of Third-Party Defendants.

4.3   In the event Gerold is found liable on any of Washington Federal's claims, Gerold is entitled to indemnity from Third-Party Defendants in the full amount of any damages awarded against him because Gerold's fault was passive and secondary while that of Third-Party Defendants was active and primary.

4.4   In the event Gerold is found liable on any of Washington Federal's claims, Gerold is also entitled to recover his reasonable attorney fees and costs of suit and disbursements incurred in this action.

## SECOND CLAIM FOR RELIEF

### (Contribution)

5.1   Gerold re-alleges the preceding paragraphs as if fully set forth herein.

5.2   In the event Gerold is found liable on any of Washington Federal's claims, Third-Party Defendants are jointly and severally liable for the same damages and Gerold is entitled to a right of contribution from Third-Party Defendants to the extent Gerold pays more than his proportional share of liability.

## DEMAND FOR JURY TRIAL

6.1   Gerold demands trial by jury of all issues so triable.

1  WHEREFORE, Gerold prays as follows:

2  1.  In the event Gerold is adjudged liable to Washington Federal for any amount of damages, Gerold prays for judgment in his favor and against Third-Party Defendants for the full amount thereof, plus an award for his reasonable attorney fees and costs of suit and disbursements incurred in this action.

2.  That Gerold be awarded such other and further relief as the Court deems just or equitable under the circumstances.

Dated:  March 30, 2020                    DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

By:  *s/ Joshua D. Stadtler*
Joshua D. Stadtler, SBN 272898
Of Attorneys for Defendant and
Third-Party Plaintiff Mark Gerold

# CERTIFICATE OF SERVICE

Re: *Washington Federal Bank v. Mark Garold, et al.*

U.S. District Court – Central Division, Case No. 2:20-cv-00659-DSF-PJW

I hereby certify that on March 30, 2020, I electronically filed the foregoing MARK GEROLD'S THIRD-PARTY COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participants in this case that are CM/ECF registrants and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 30, 2020, Portland, Oregon.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

By: *s/ Joshua D. Stadtler*
Joshua D. Stadtler, SBN 272898
Of Attorneys for Defendant and
Third-Party Plaintiff Mark Gerold